UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICKEY CLASABLANCA,<br><br>Plaintiff,<br><br>vs.<br><br>KITSAP COUNTY and CONMED, LLC.<br><br>Defendants. | Civil Action No: 3:19-CV-05061-BHS<br><br>**AMENDED COMPLAINT** |

The Plaintiff, Rickey Clasablanca, hereby makes the following claims and allegations:

## I. JURISDICTION AND VENUE

1.1   The Plaintiff timely filed a claim with the Kitsap County Clerk of the Board of Commissioners, hand delivered on September 27, 2018, alleging negligence and deliberate indifference regarding the Defendant Kitsap County's actions while Plaintiff was incarcerated in the Kitsap County Jail.

1.2   Other than simply acknowledging receipt of the tort claim, Kitsap County did not respond to Plaintiff's RCW 4.96.010 tort claim notice.

1.3   The Plaintiff has exhausted administrative remedies, as required, pursuant to RCW 4.96.010 and 4.96.020 as to its claims against Defendant, Kitsap County and timely filed a complaint alleging tort claims against the Defendant, Kitsap County.

1.4   All parties and subject matter herein mentioned are within the jurisdiction of this Honorable Court.

## II. FACTS

2.1   The Defendant, Kitsap County, is responsible for the maintenance and operation of the Kitsap County Jail.

2.2   The Plaintiff was incarcerated in the Kitsap County Jail from February 12, 2016 to July 28, 2016.

2.3   While Plaintiff was an inmate, Defendant Kitsap County assigned Plaintiff, at his request, to a position in the kitchen.

2.4   The Defendant, Kitsap County had allowed one of the electrical outlets in the kitchen to become dangerously damaged or faulty so that it posed a hazard to Plaintiff and anyone who walked near the faulty outlet.

2.5   Defendant, Kitsap County, failed to regularly, reasonably or properly inspect the premises for such defects.

2.6   The defect presented a hazard to any person who came into contact with it. A reasonable maintenance or preventative maintenance inspection would have revealed the defect and hazard.

2.7   Defendants did not have policies and procedures in place to provide for regular inspection or maintenance of electrical outlets and devices in the kitchen area.

2.8   Defendant Kitsap County regularly failed to follow safety procedures for regular inspection and preventative maintenance in the Kitsap County Jail, and particularly in the kitchen area.

2.9   Defendant Kitsap County:

a)   created the hazard,

b)   was aware of the hazard through actual notice (employees, agents, or inmates had reported the defect),

   c) should have been aware of the hazard (through reasonable and regular maintenance inspections),

   d) failed to repair the hazard, and

   e) failed to offer any warning to inmates regarding the danger posed by the hazardous outlet.

2.10 On March 14, 2016, Plaintiff, who was unaware of the hazard that the faulty outlet presented, was working in the kitchen and, as he walked by the faulty outlet, was shocked by electricity and startled by a sudden explosion and shower of sparks from the hazardous outlet.

2.11 As a result of the shock, unexpected jolt of electricity, the pain from a burn on his leg, the explosion, and shower of sparks, Plaintiff recoiled from the injury, the explosion and the shower of sparks and suffered a severe injury to his lower back.

2.12 Defendant, Kitsap County, was aware via actual notice, that Plaintiff had sustained injuries from the incident in the kitchen but chose not to send medical personnel to examine and evaluate the Plaintiff's injuries.

2.13 Defendant contracted with defendant, ConMed, LLC to provide some medical services to inmates in the Kitsap County Jail.

2.14 Providing medical services to inmates in a jail is a non-delegable duty.

2.15 Defendant Kitsap County made a policy decision to hire ConMed, LLC to provide medical care to inmates despite knowledge that ConMed, LLC and its other corporate incarnations had been sued in federal court over 1300 times because of its widespread practices of indifference to inmate medical care and malpractice.

2.16 Defendant Kitsap County delayed in providing a medical exam or evaluation for Plaintiff after having received actual notice of the injury.

2.17 Over the following approximately six weeks (from the date of injury, March 14, 2016 through Plaintiff's release on July 28, 2016), Defendants ConMed, LLC and Kitsap County negligently failed to diagnose and treat Plaintiff's severe back injury.

2.18 Over the following approximately six weeks (from the date of injury, March 14, 2016 through Plaintiff's release on July 28, 2016), Defendants ConMed, LLC and Kitsap County engaged in, cooperated in, and displayed deliberate indifference to Plaintiff's injuries and not only denied him adequate diagnostic and medical care, but engaged in concerted efforts to create a false justification for refusing to diagnose and treat his severe back injury.

2.19 Defendants ConMed, LLC and Kitsap County had a monetary motive to avoid diagnosing Plaintiff's actual condition or allowing it to be properly diagnosed.

2.20 As a direct and proximate result of the Defendants' actions and omissions, Plaintiff was severely injured, endured pain, suffering, and emotional damage.

### III. FOR A FIRST CAUSE OF ACTION
### NEGLIGENCE/PREMISES LIABILTY
### Against Kitsap County

3.1 Sections I and II are hereby incorporated, verbatim.

3.2 The Defendant, Kitsap County, is responsible for operating a county jail.

3.3 Kitsap County owes the direct duty to a prisoner in custody at the Kitsap County Jail to keep the prisoner in health and free from harm, and for any breach of such duty resulting in injury Kitsap County is liable to the prisoner.

3.4 The duty owed to a prisoner by the Sheriff and therefore the County running a county jail is a positive duty arising out of the special relationship that results when a custodian has complete control over a prisoner deprived of liberty.

3.5 Defendant, Kitsap County owed a duty to plaintiff to exercise due care to avoid harming plaintiff by maintaining the premises in a reasonably safe condition, and to warn him of hazards on the premises.

3.6 Defendants breached their duty of care to plaintiff by acting negligently in the following particulars:

 a) Creating a hazard by damaging an outlet in an area where it knew prisoners would be actively moving around;

 b) Creating a hazard by negligently failing to maintain or repair a known hazard;

 c) Negligently failing to regularly inspect the premises for hazards such as faulty wiring and outlets;

 d) Failing to have or follow policies and procedures for regular maintenance and inspection on electrical outlets and implements in the jail, and particularly in the kitchen area;

 e) Failing to present adequate warnings to the Plaintiff of a hazardous condition;

 f) Failing to provide a reasonably safe environment for Prisoners; and,

 g) Being otherwise negligent.

3.7 As a direct and proximate result of the Defendant's negligence:

 a) the Plaintiff came into contact with a faulty electrical outlet or connection, and was severely injured;

 b) Plaintiff's injuries have resulted in extensive treatment and costs of medical treatment.

 c) Plaintiff's injuries are currently continuing and will require future medical treatment.

 d) Plaintiff has suffered and will continue to suffer from extreme pain and emotional distress.

## IV. FOR A SECOND CAUSE OF ACTION
## NEGLIGENCE AND DELIBERATE INDIFFERENCE
### Against Kitsap County

4.1  Sections I, II and III are hereby incorporated, verbatim.

4.2  The Defendants, Kitsap County and the Kitsap County Sheriff's Department owe a non-delegable duty to provide reasonable medical care for prisoners in the Kitsap County Jail.

4.3  Defendant made a policy decision at the County level to hire and pay a private contractor, Defendant ConMed, LLC, to fulfill its non-delegable duty of providing medical care to inmates in the Kitsap County Jail.

4.4  By making a policy decision to hire a private contractor to fulfill a non-delegable duty, the County chose to implement the policies, customs, practices, and procedures that ConMed, LLC brought with it and implemented.

4.5  Because the County has a non-delegable duty to provide healthcare to inmates, and chose to hire a private contractor to provide this duty, the County is liable for specific acts of medical negligence, negligence, and for broader policies and practices of deliberate indifference that ConMed, LLC engages in while performing this non-delegable duty.

4.6  Plaintiff suffered a severe from an injury to his leg and back while incarcerated and under the control of the Defendant Kitsap County.

4.7  The Defendant negligently failed to provide reasonable medical diagnostic effort and reasonable medical care to the Plaintiff while he was incarcerated.

4.8  The Defendant engaged in a pattern of deliberate indifference to Plaintiff's medical condition and needs while Plaintiff was incarcerated and under their control, which was the result of broad policies, customs, practices, and procedures implemented by ConMed, LLC.

4.9 Defendant also engaged in deliberate indifference when its employees, following a common practice which is known and prevalent in the Kitsap County Jail, cooperated with ConMed, LLC to create a record in order to try to justify denying prisoners medical treatment.

4.10 As a direct and proximate result of the Defendants' negligence and deliberate indifference to his medical condition, Plaintiff:

a) Endured severe pain and suffering;

b) Was subjected to severe emotional distress;

c) Suffered severe and permanent injuries where immediate treatment would likely have curtailed the extent of the injuries or their permanent nature

d) Continues to suffer severe pain and emotional distress and will continue to do so in the future;

e) Will require future medical treatment and related expenses.

## V. PROFESSIONAL/MEDICAL NEGLIGENCE
### Against ConMed, LLC

5.1 Sections I, II, III and IV are hereby incorporated, verbatim.

5.2 Defendant is a business which, in 2016, were responsible for providing medical providers and medical care to inmates, including the Plaintiff, in Kitsap County Jail.

5.3 Defendant owed Plaintiff a duty of care to exercise reasonable care and to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he belongs, in the state of Washington, acting in the same or similar circumstances.

5.4 Defendant's employees failed to exercise reasonable care in his, her, or its treatment of the Plaintiff from March 14, 2016 through July 28, 2016 while he was an inmate at Kitsap County Jail and a patient under the Defendant's care by:

    a) Failing to take adequate measures to diagnose Plaintiff's medical condition;

    b) Failing to properly treat Plaintiff's medical condition;

    c) Intentionally taking actions designed to ensure that Plaintiff would be denied diagnostic and medical care regarding his back injury.

    d) Exacerbating and worsening Plaintiff's injury and medical conditions.

5.5 As a direct and proximate result of the Defendant's negligent and professionally negligent actions and omissions, the Plaintiff:

    a) Suffered severe physical injury, including permanent injury;

    b) Was required to be subjected to years of medical treatment and will be required to be subjected to future medical treatment;

    c) Endured and will continue to endure severe pain, suffering, and mental anguish;

    d) Suffered and will continue to suffer emotional damage;

    e) Suffered and will continue to suffer a loss of enjoyment of life and limitations.

## VII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendants to recover special and general damages in an amount to be determined by the Court or a Jury and damages, fees and costs and equitable remedies set forth in this complaint and/or allowed, provided for or permitted by the common law or statutory law.

_____
Chalmers C. Johnson, WSBA # 40180

February 14, 2019